**Cesar Antonio Fajardo PENEA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71888.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Susan E. Hill, Hill Piibe & Villegas, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Tracie N. Jones, Michelle Gorden Latour, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Cesar Antonio Fajardo Penea, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that the three encounters Penea had with the guerillas in Guatemala did not amount to past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (threats standing alone only constitute past persecution when they are so menacing as to cause actual suffering or harm). Substantial evidence also supports the agency's conclusion that Penea's failed to establish that his fear upon returning to Guatemala is objectively reasonable. *See Nagoulko*, 333 F.3d at 1018.

Because Penea has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of

R.App. P. 34(a)(2).

removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.